460 F.2d 1212
 Arlene A. FRIEDMAN
v.
ALTOONA PIPE AND STEEL SUPPLY COMPANY, Inc., a corporation,
Appellant in No. 71-1434, and Fred A. Pechter.
Appeal of Fred A. PECHTER, in No. 71-1435.
Arlene A. FRIEDMAN
v.
ALPEN ASSOCIATES, INC., a corporation, Appellant in No.
71-1436, and Fred A. Pechter.
Appeal of Fred A. PECHTER, in No. 71-1437.
 Nos. 71-1434 to 71-1437.
 United States Court of Appeals,
Third Circuit.
 Argued March 24, 1972.
Decided May 2, 1972.
 
 Roger C. Wiegand, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellant.
 Marcus Aaron, II, Berkman, Ruslander, Pohl, Lieber & Engel, Pittsburgh, Pa., for appellee.
 Before SEITZ, Chief Judge, and ADAMS and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Chief Judge.
 
 
 1
 Essentially, this is an example of a not uncommon dispute between an "out" stockholder and an "in" stockholder of a closely held corporation. It manifests itself in two actions in the district court by the "out" stockholder. She seeks to compel an inspection of the corporate records under 15 P.S. Sec. 1308, subd. B (1968), (Penna.), which provides:
 
 
 2
 "B. Every shareholder shall, upon written demand under oath stating the purpose thereof, have a right to examine in person or by agent or attorney, during the usual hours for business for any proper purpose, the share register, books or records of account, and records of the proceedings of the shareholders and directors, and make copies or extracts therefrom. A proper purpose shall mean a purpose reasonably related to such person's interest as a shareholder . . ."
 
 
 3
 Plaintiffs admittedly made the demands contemplated by the statute and defendant ultimately produced some records. The matter came before the district court on cross motions for summary judgment based on affidavits and depositions. The court denied defendants' motion and granted plaintiff the following relief:
 
 
 4
 "* * * plaintiff is hereby permitted to examine in person, or through her representatives and at her own expense, the books and records of account, the share register and records of the proceedings of shareholders and directors of the corporation, as well as copies of income tax returns filed by the corporations. The examination is permitted for records prepared within the past five years."
 
 
 5
 On appeal the defendants assert that summary judgment was erroneously granted plaintiff because (1) plaintiff has already been given more than sufficient corporate records to meet the stated purpose for the requested inspection and (2) there should have been an evidentiary hearing to explore the basis of plaintiff's "representations" of mismanagement by the "in" stockholder.
 
 
 6
 Plaintiff's written demand for inspection stated only one purpose, viz., to determine the value of plaintiff's shares. Plaintiff later advanced a second purpose, viz., to ascertain whether there was mismanagement by the individual defendant. But the opinion of the district court does not make an explicit finding as to either purpose. Since it could only have granted summary judgment on the basis of undisputed material facts and since it is clear to us that the record before the district court would not have supported summary judgment for plaintiff based on her claim of suspicion of mismanagement, we think the decision must have been based on her initial, admittedly proper purpose, viz., to determine the value of plaintiff's shares.
 
 
 7
 Defendants say that plaintiff has been provided with all the records needed to determine the value of her shares. Defendants originally provided plaintiffs with practically no records. At later times, defendants filed the following materials:
 
 
 8
 (a) summary of Altoona's [a corporate defendant] federal income tax returns for 1965 through 1968,
 
 
 9
 (b) balance sheets and operating income statements prepared by defendants' certified public accountants for the years 1966 through 1968,
 
 
 10
 (c) same as above for 1969,
 
 
 11
 (d) statements of transactions between Altoona and two other companies owned by Pechter prepared by the same accountants,
 
 
 12
 (e) affidavit of Altoona's assistant treasurer that the information supplied to plaintiff is in the same form used by Altoona for the past forty years,
 
 
 13
 (f) affidavit of Pechter stating that Altoona has been audited by the IRS through 1967,
 
 
 14
 (g) year-end financial statements for 1970,
 
 
 15
 (h) copies of minutes of the shareholders' and directors' meetings for the past five years.
 
 
 16
 Plaintiff insists that once she establishes a proper demand and purpose, as she has done here, she has the right under the statute to inspect the original records. Furthermore, she contends that production of summaries does not comply with the statute. We agree. Even if those propositions were not clear to us as a matter of Pennsylvania law, we think that certain facts, undisputed on this record, supply any additional showing which may have been required.
 
 
 17
 In December 1968, plaintiff, her husband, the defendant Pechter, his wife, Pechter's attorneys and other members of plaintiff's family held a meeting concerning the defendant-Altoona corporation. Pechter downgraded the prospects of the company, presenting a balance sheet showing net worth of a little over $1,000,000, and offering to buy plaintiff's 25% share of Altoona for $125,000 payable over twenty years at 3% interest. The offer thus made contained the threat that if it were not accepted immediately plaintiff would not receive a cent from the corporation. It appears that the net worth figure was substantially underestimated. There followed a prolonged effort to obtain production. Even at the time depositions were being taken plaintiff had not received certain documents to which she clearly was entitled.
 
 
 18
 The history of plaintiff's agonizing efforts to examine the records of this closely held corporation to determine the value of her substantial ownership interest constituted a proper basis for granting her summary relief.
 
 
 19
 The judgment of the district court will be affirmed.