**Reilly v. Coppertech, Inc.**

*Joseph C. Honer,* for plaintiff.
*Clayton T. Hyman,* for defendant.

DIEFENDERFER, *J.,* May 27, 1981—This case is before the court pursuant to plaintiff's action in mandamus seeking the opportunity to inspect various corporate documents, books and records which he maintains the corporation must allow him to inspect. Hearing on the matter was held April 7, 1981.

Plaintiff, John Reilly, is a 15 percent shareholder

in defendant, Coppertech, Inc. He received a proposed buy-out bid from defendant, George JACOB. Coppertech, Inc. is a closely held corporation, so to determine the fair value of his shares and thus to determine if the offer was fair, plaintiff sought the opportunity to inspect various books and records of the company with a certified public accountant. Although some of the records were available for inspection, not all the records plaintiff sought to inspect were available to him. The corporation maintained he had enough information for his purpose and would show him no more.

Plaintiff then filed this action in mandamus against defendants to allow inspection of the books and records of defendant pursuant to a written demand made by plaintiff on corporate and individual defendants for such inspection. The demand was denied on or about June 2, 1980 at the principal office of corporate defendant where plaintiff personally appeared with an agent for the purpose of inspection and examination of the books, records, accounts and papers of the corporate defendant. Plaintiff then applied to the court for an order to compel such inspection.

In Pennsylvania the inspection of corporate records is governed by the Act of May 5, 1933, P.L. 364, as amended by the Act of July 20, 1968, P.L. 459, sec. 11, effective in 30 days, as amended, 15 P.S. §1308. The pertinent part of this section is subsection B, which reads:

"Every shareholder shall, upon written demand under oath stating the purpose thereof, have a right to examine in person or by agent or attorney, during the usual hours for business for any proper purpose, the share register, books or records of account, and records of the proceedings of the shareholders and

directors, and make copies and extracts therefrom. A proper purpose shall mean a purpose reasonably related to such person's interest as a shareholder. . ."

The issue in this case is whether the records plaintiff-shareholder wishes to inspect are "books or records of account" under this statute. If they qualify, then the shareholder shall have the right to inspect and examine the records pursuant to the statute.

Plaintiff alleges he was not allowed to see, inspect or examine cash receipts and disbursements, accounts receivable and payable ledgers, financial reports, checkbooks, books of original entry, bank reconciliations and Federal and state tax returns.

Under the statute, plaintiff, once he establishes a proper purpose for inspection, has the right to see the original records: Friedman v. Altoona Pipe and Steel Supply Company, 460 F. 2d 1212 (3d Cir. 1972). The records sought are original records which, under this case, plaintiff should be able to inspect. The various records plaintiff wishes to inspect do have a bearing on what the actual value of the corporation and thus his shares may be. And the books and records do not belong to those that operate the corporation but are owned by each shareholder.

Therefore, defendant is ordered to allow plaintiff to inspect all the records plaintiff demanded to inspect by his letter dated April 21, 1980.

## ORDER

Now, May 27, 1981, for the reasons stated in the attached opinion, defendants shall make available for inspection those items requested by plaintiff in

his letter of April 21, 1980. All such inspections shall be during the usual hours of business of said corporation and any copies or extracts made therefrom shall be at the expense of plaintiff.