J-S43033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EDWARD P. ACKERMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KASUAL COMPUTING, INC. | |
| Appellant | No. 2046 MDA 2015 |

Appeal from the Order Entered November 3, 2015
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2015-CV-281-MP

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 25, 2016**

Kasual Computing, Inc. ("Kasual") appeals from an order granting in part and denying in part the petition of Edward Ackerman to compel inspection and examination of Kasual's corporate books and records.  For the reasons set forth below, we affirm.

Ackerman is a forty percent owner of Kasual, and he also was an officer of Kasual until leaving the company in June 2013.[1]  After he left, the parties discussed whether Kasual would repurchase his shares, but they were unable to reach an agreement.  On August 8, 2013, through counsel,

---

[1] Ackerman asserts that Kasual "abruptly and wrongfully terminated [him] without cause or explanation."  Brief For Appellee, at 2.  Kasual states that Ackerman voluntarily resigned due to his felony convictions on multiple counts of rape and involuntary deviate sexual intercourse.  Brief For Appellant, at 7.

Ackerman wrote to Kasual demanding to examine and inspect Kasual's books and records pursuant to section 1508 of Pennsylvania's Business Corporation Law, 15 Pa.C.S. § 1508. Ackerman enclosed an itemized list requesting 33 categories of documents. On October 2, 2013, Kasual sent Ackerman some, but not all, of the requested documents. The cover letter to Kasual's response claimed that "any documents requested but not provided herewith either do not exist or are not subject to inspection under 15 Pa.C.S. § 1508."

On November 21, 2014, Ackerman, through counsel, made a second demand to inspect Kasual's books and records. On December 23, 2014, Kasual sent Ackerman some, but not all, of the requested documents. With regard to the vast majority of requests, Kasual responded that they fell outside the bounds of section 1508 because they were "not reasonably related to the purposes stated by Mr. Ackerman for examination of corporate records."

On January 13, 2015, Ackerman filed a petition under section 1508 to compel Kasual to submit to "statutory inspection and examination of corporate books and records." Ackerman requested records relating to:

> a) whether the corporation is being properly managed; b) the manner in which the corporation's finances have been managed; c) the manner in which the business and of the corporation have been conducted; d) the value of the corporation's assets; e) the value of [Ackerman's] interest in the corporation; f) the identity and extent of the other shareholders' interests in the corporation; g) circumstances surrounding [Ackerman's] unilateral termination as an employee/owner of the Company.

Petition to Compel, ¶ 10. Following completion of the pleadings, the court held oral argument, and the parties submitted post-hearing memoranda. Attached to Ackerman's memorandum was an affidavit by Robert Ribic, a valuation expert, stating that he needed thirteen categories of documents to properly value Ackerman's forty percent ownership interest in Kasual. Kasual did not file any response challenging Ribic's affidavit.

On November 3, 2015, the trial court granted Ackerman's petition in part, limiting access to the documents sought by Ackerman's accountant. The court ordered:

> Within thirty (30) days of the date of this Order, [Kasual] shall provide to [Ackerman] full, complete and current copies of the following documents for the calendar years 2010 through 2014 that are in the possession of [Kasual] and have not already been provided to [Ackerman]:
>
> a. Federal Income Tax Returns for Kasual Computing, Inc. and/or Financial Statements;
>
> b. Any and all Sales Tax Returns;
>
> c. Any and all Detailed General Ledgers;
>
> d. Any and all Adjusted Trial Balances;
>
> e. Any and all Adjusting Entries, whether prepared by Kasual Computing, Inc. or by independent accountants and/or auditors;
>
> f. Any and all Sales Journals;
>
> g. Any and all Purchase Journals;
>
> h. Any and all Payroll Journals;
>
> i. Any and all Accounts Receivable, Accounts Payable and Inventory Ledgers;

- 3 -

j. Any and all Liability Insurance policies, Property Insurance policies, Casualty Insurance policies, Officers Insurance policies and Life Insurance policies;

k. Any and all documents pertaining to open or closed bank loans or mortgage documents, reflecting loans made to, co-signed by, or made for the benefit of Kasual Computing, Inc.;

l. Any documents pertaining to the purchase or lease of any Kasual Computing, Inc. assets; and

m. Any and all communications and documents of any kind pertaining to the value of Edward P. Ackerman's 40% ownership interest in Kasual Computing, Inc.

Order Dated November 3, 2015.

On November 23, 2015, Kasual filed a timely appeal to this Court.[2] Both Kasual and the trial court complied with Pa.R.A.P. 1925.

Kasual raises three issues in this appeal, but they effectively amount to two arguments: (1) the corporate records sought by Ackerman fall outside the scope of section 1508, and (2) Ackerman seeks these records for an improper purpose.

Section 1508(b) provides:

Every shareholder shall, upon written verified demand stating the purpose thereof, have a right to examine, in person or by agent or attorney, during the usual hours for business for any proper purpose, the share register, books and records of account, and records of the proceedings of the incorporators, shareholders and directors and to make copies or extracts

---

[2] Ackerman did not appeal the order to the extent that it denied access to other documents.

therefrom. A proper purpose shall mean a purpose reasonably related to the interest of the person as a shareholder …

15 Pa.C.S. § 1508(b). Section 1508(c) states the procedure for enforcing a shareholder's right of inspection:

If the corporation, or an officer or agent thereof, refuses to permit an inspection sought by a shareholder or attorney or other agent acting for the shareholder pursuant to subsection (b) or does not reply to the demand within five business days after the demand has been made, the shareholder may apply to the court for an order to compel the inspection. The court shall determine whether or not the person seeking inspection is entitled to the inspection sought. The court may summarily order the corporation to permit the shareholder to inspect the share register and the other books and records of the corporation and to make copies or extracts therefrom, or the court may order the corporation to furnish to the shareholder a list of its shareholders as of a specific date on condition that the shareholder first pay to the corporation the reasonable cost of obtaining and furnishing the list and on such other conditions as the court deems appropriate. Where the shareholder seeks to inspect the books and records of the corporation, other than its share register or list of shareholders, he shall first establish:

(1) That he has complied with the provisions of this section respecting the form and manner of making demand for inspection of the document.

(2) That the inspection he seeks is for a proper purpose.

Where the shareholder seeks to inspect the share register or list of shareholders of the corporation and he has complied with the provisions of this section respecting the form and manner of making demand for inspection of the documents, the burden of proof shall be upon the corporation to establish that the inspection he seeks is for an improper purpose. The court may, *in its discretion*, prescribe any limitations or conditions with reference to the inspection or award such other or further relief as the court deems just and proper. The court may order books, documents and records, pertinent extracts therefrom, or duly authenticated copies thereof, to be brought into this

> Commonwealth and kept in this Commonwealth upon such terms and conditions as the order may prescribe.

15 Pa.C.S. § 1508(c) (emphasis added).

An order granting inspection under section 1508(c) is immediately appealable. *See Hagy v. Premier Mfg. Corp.*, 172 A.2d 263, 264-65 (Pa.1961). Under the italicized language in this subsection, we review the court's decision for abuse of discretion. Moreover, "whether a stockholder has set forth a 'proper purpose' to inspect corporate records is a determination which must be made on a case-by-case basis following a careful consideration of the surrounding circumstances of the document inspection request." *Zerbey v. J.H. Zerbey Newspapers, Inc.*, 560 A.2d 191, 198 (Pa.Super.1989).

Kasual argues that the trial court erred by ordering production of documents that fall outside the items enumerated in section 1508(b), viz., the "share register, books and records of account, and records of the proceedings of the incorporators, shareholders and directors." Although Kasual raised this objection in a letter to Ackerman's counsel prior to Ackerman's petition to compel, Kasual failed to raise this argument in the trial court: it is missing from Kasual's answer to Ackerman's petition to compel and from Kasual's post-hearing memorandum. Moreover, the transcript from oral argument on Ackerman's petition is not in the certified record, so we are unable to tell whether Kasual raised this point at argument. Therefore, Kasual waived this argument. *See* Pa.R.A.P. 302(a)

("issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Even if Kasual had preserved this issue for appeal, it is unconvincing, given this Court's willingness to grant access to corporate records beyond those specifically identified in section 1508(b). *See, e.g., Zerbey*, 560 A.2d at 192, 198-99 (granting shareholder access under section 1508 to records relating to salaries and bonuses paid to officers, directors and employees, pension contributions and expense reimbursements); *see also Wolfington ex rel. Wolfington v. Wolfington Body Co., Inc.*, 47 Pa. D. & C.4th 225, 242 (Phila. Cty. 2000) (granting minority shareholder access to accounting workpapers under section 1508 where "the value of the companies is a key issue in the present dispute and the requested accountant work papers could be necessary to better assess the true value").

Next, Kasual contends that the trial court erred by concluding that Ackerman requested the documents for a proper purpose. The trial court reasoned:

> [Ackerman] asserts that he needs the requested information for the following purposes: a) whether the corporation is being properly managed; b) the manner in which the corporation's finances have been managed; c) the manner which the business and of the corporation have been conducted; d) the value of the corporation's assets; e) the value of his interest in the corporation; f) the identity of and shareholders' interests in the corporation; g) circumstances surrounding [Ackerman's] unilateral termination as an employee/owner of the Company.
>
> [Ackerman] has set forth numerous purposes for his request, but not all of them are proper under the statute. It is not a proper

purpose to request this information under Pa.C.S. § 1508 to determine the circumstances surrounding [Ackerman]'s termination from [Kasual]. However, it is proper for a shareholder to request to inspect certain records in order to determine the current valuation of his stock. **See Friedman v. Altoona Pipe & Steel Supply Co.**, 460 F.2d 1212, 1213 (3d Cir. 1972) (holding that a shareholder's demand for inspection to value her shares was an 'admittedly proper purpose').

In his Post-Argument Memorandum, [Ackerman] provided an affidavit from his accountant of what records were needed from [Kasual] in order to provide a current valuation of [Ackerman]'s stock. It is these records, and only these records, that we ordered [Kasual] to produce. The production of the records set forth in our November 3, 2015 Order is limited to the purpose of valuing [Ackerman]'s stock.

Pa.R.A.P. 1925(a) Opinion, at 3. We find this reasoning persuasive. It clearly is proper for a shareholder to inspect corporate records to determine the proper valuation of his stock. **See Friedman**, 460 F.2d at 1213; **Taylor v. Eden Cemetery Co.**, 10 A.2d 573, 575-76 (Pa.1940) (trustee of estate had standing to bring action to examine corporate books to assess value of estate's interest). Ackerman has the right to inspect Kasual's records to the extent they are pertinent to valuation of his forty percent interest in Kasual. Furthermore, the court tailored its order to prevent access to records which Ackerman does not have a proper purpose to examine. For these reasons, the trial court's order was entirely proper.[3]

_____

[3] Kasual also claims that it has already produced all documentation necessary for Ackerman to value his ownership interest. The trial court order protects Kasual from duplicative requests by only requiring it to produce documents that "have not already been provided to [Ackerman]."

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/25/2016